**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Cause No. 1:19-CR-30-HAB |
| | ) | |
| LUTHER W. FITCH | ) | |

**OPINION AND ORDER**

As part of the preparation for Defendant's aborted trial, the Government tendered its jury instructions. (ECF No. 89). Those instructions included what the Court will call "second phase instructions." (*Id*. at 51-52). The second phase instructions would be read to the jury in the event of a guilty verdict and would have the jury determine whether Defendant had the requisite prior convictions to support an enhancement under 21 U.S.C. § 851. Defendant does not object to these instructions.

The parties may agree that the second phase instructions are appropriate, but the Court does not. Rather, giving these instructions, and allowing the jury to make the § 851 eligibility decision, conflicts with the express terms of the statute. The Court ruled as much during the March 28, 2022, hearing. Because this issue may come up in the future, and because the Government has advised that tendering the second phase instructions is DOJ policy, the Court is providing its reasoning for rejecting the second phase instructions in this Order.

Section 841 of United States Code Title 21 sets out the penalties for violating federal drug laws. Relevant here, the statute provides for increased penalties if the defendant has one or more prior convictions for a "serious violent felony" or "serious drug felony." 21 U.S.C. § 841(b)(1)(A). The First Step Act both revised the penalties and the convictions that qualified for the enhancement. The penalties are now a mandatory minimum fifteen years in the event of one

qualifying conviction and a twenty-five-year mandatory minimum in the event of two qualifying convictions.

Section 851, as the title suggests, sets out the procedure for establishing the qualifying convictions. The Government begins the process by filing an information "stating in writing the previous convictions to be relied upon." 21 U.S.C. § 851(a)(1). If the defendant denies "any allegation of the information of prior conviction, or claims that any conviction alleged is invalid," he is to file a written response to the information. *Id*. at (c)(1). Upon the filing of the response, "the court shall hold a hearing to determine any issue raised by the response which would except the person from increased punishment." *Id*. "The hearing shall be before the court without a jury." *Id*. The Government bears the burden of proving the prior convictions beyond a reasonable doubt. *Id*. If there is no response, or if the court determines, after the hearing, that the defendant has the requisite qualifying convictions, the court must impose the increased penalties. *Id*. at (d)(1). Section 851 was not amended by the First Step Act.

Congress could have scarcely been clearer. Unless Defendant agrees that he was convicted of the necessary qualifying offenses, the Court must hold a hearing to determine his eligibility for the increased penalties. That hearing "shall be before the court without a jury." There is no basis at all in the text of 21 U.S.C. § 851 that would allow a jury to make this determination.

The Court concedes that this seemingly inescapable conclusion has been rejected by some district courts. *See*, *e.g.*, *United States v. Fields*, 435 F. Supp. 3d 761 (E.D. Ky. 2020). The rejection of the statutory language appears to flow from two trains of thought. The first is that, by amending § 841 to change the definition of a qualifying offense from "felony drug offense" to "serious violent felony" and "serious drug felony," the First Step Act amended § 851 *implicitly* to take the decision-making process out of the hands of the sentencing judge. *Id*. at 764. The second is deep-

seated skepticism for the Supreme Court's decision in *Almendarez-Torres v. United States*, 523 U.S. 224 (1998). As discussed below, the Court rejects both.

The second line of argument is the easiest to address. *Almendarez-Torres* stands for the position that the "fact of a prior conviction" is not an "element of the offense" that a jury must find. *Id*. at 247. Since its announcement, the decision has been the subject of consistent criticism. *Apprendi v. New Jersey*, 530 U.S. 466, 489 (2000) ("Even though it is arguable that *Almendarez-Torres* was incorrectly decided . . ."); *United States v. Mack*, 729 F.3d 594, 609 (6th Cir. 2013) (describing *Almendarez-Torres* as "stand[ing] on shifting sands"); *United States v. Browning*, 436 F.3d 780, 782 (7th Cir. 2006) (describing *Almendarez-Torres* as "doomed"). That criticism perhaps has opened the door for decisions like *Fields* that question the decision's "continuing validity." *Fields*, 435 F. Supp. 3d at 765.

That said, *Almendarez-Torres* is still the law. The Court has "no authority to overrule a Supreme Court decision no matter how dubious its reasoning strikes us, or even how out of touch with the Supreme Court's current thinking the decision seems." *Schreiber v. Dolby Labs., Inc.*, 293 F.3d 1014, 1018 (7th Cir. 2002). And while the First Step Act enlarged the inquiry into facts surrounding a prior conviction, those facts fall under the umbrella of "fact[s] of a prior conviction." *See United States v. Thompson*, 421 F.3d 278, 282 (4th Cir. 2005) (rejecting an "artificially narrow reading of the 'fact of conviction'" to include "only a grudging acknowledgement that a defendant once had been convicted."). So the Court will not reject the plain language of § 851 due to its own view on the merits of *Almendarez-Torres*.

The first line of argument has more merit, but only just. The First Step Act changed the substantive components of the definition of a qualifying prior conviction, without mentioning the procedural requirements of § 851. Before the First Step Act, § 841's enhancement required a "prior

conviction for a felony drug offense," defined as "an offense that is punishable by imprisonment for more than one year under any law of the United States or of a State or foreign country that prohibits or restricts conduct relating to narcotic drugs, marihuana, anabolic steroids, or depressant or stimulant substances." *See* 21 U.S.C. §§ 841(b)(1)(A), 802(44) (2016). Now, after the First Step Act, § 841 requires a "prior conviction for a serious drug felony," defined as an offense in 18 U.S.C. § 924(e) for which the "offender served a term of imprisonment of more than 12 months" and for which the offender was "release[d] from any term of imprisonment . . . within 15 years of the commencement of the instant offense." 21 U.S.C. § 802(57); see First Step of 2018, Pub. L. No. 115-391, § 401, 132 Stat. 5194, 5520-21 (codified as amended at 21 U.S.C. §§ 802(57), 841(b)(1)). As the argument goes, the insertion of the new factors regarding the nature of the defendant's incarceration and the time of release took eligibility for § 841's enhanced sentences outside the realm of factual conclusions the court could make. By necessity, then, the First Step Act amended the procedures of § 851 by implication.

The Court cannot agree. First, amendment by implication is not how the legislative process works. *Waterfront Comm'n of N.Y. Harbor v. Elizabeth-Newark Shipping, Inc.*, 164 F.3d 177, 183 (3d Cir. 1998) ("[I]t is doubtful that the legislatures would have, by means of a supplementary definition[,] . . . undertaken, *sub silentio*, to render a separate definition in another section of the statute superfluous."). Rather, the Court must continue to give effect to the plain language of statutes as they are written. *United States v. Am. Trucking Ass'ns*, 310 U.S. 534, 543 (1940) ("There is, of course, no more persuasive evidence of the purpose of a statute than the words by which the legislature undertook to give expression to its wishes."). If Congress intended to amend § 851, it knows well how to do so.

The Court also finds *Field*'s view of implicit amendment to be an outlier. *See*, *e.g.*, *United States v. Corona-Verduzco*, 963 F.3d 720, 724 (8th Cir. 2020) ("[W]hile the [First Step Act] reduced mandatory minimums, it did not amend the structure and procedure for the § 841(b)(1)(A) enhancements or the general purpose of the statute." (citing 21 U.S.C. §§ 802(13), 841(a), 851)); *United States v. Kendrick*, 825 F. App'x 77, 79-80 (3d Cir. 2020) (stating, post-First Step Act, "*Almendarez-Torres* is still good law"); *United States v. Chavez*, 804 F. App'x 525, 526 (9th Cir. 2020) (requiring adherence to § 851, post-First Step Act); *United States v. Johnson*, No. 17-CR-00770, 2021 WL 260226, at *1 (N.D. Ill. Jan. 26, 2021) (determining, following § 851 hearing, "that the Government had proved beyond a reasonable doubt the fact of conviction, that [defendant] had served more than 12 months' imprisonment for the conviction, and that he had been released from his term of imprisonment for the conviction within 15 years of the commencement of the offense"). In the face of clear statutory language and Supreme Court precedent, the Court cannot, and will not, follow the lead of a single district court.

For the above reasons, the Court will, in this case and all others where it is an issue, decide eligibility for enhanced penalties under § 841 in the manner set forth in § 851, in a hearing "before the court without a jury." Thus, the Government's request for the second phase instructions is DENIED.

SO ORDERED on April 19, 2022.

s/ Holly A. Brady
JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT